```
                                            ┌─────────────────────────┐
                                            │ USDC SDNY               │
                                            │ DOCUMENT                │
UNITED STATES DISTRICT COURT                │ ELECTRONICALLY FILED    │
SOUTHERN DISTRICT OF NEW YORK               │ DOC #:                  │
------------------------------x             │ DATE FILED: 12/8/08     │
                              :             └─────────────────────────┘
FREDERICK JONES,              :
                              :
           Plaintiff,         :             06 Civ. 2085 (LAP)
                              :
           v.                 :             MEMORANDUM AND ORDER
                              :
DEPARTMENT OF HOUSING         :
PRESERVATION AND DEVELOPMENT, :
DEPARTMENT OF HOUSING AND     :
URBAN DEVELOPMENT, and ALLEN  :
A.M.E.,                       :
                              :
           Defendants.        :
                              :
------------------------------x
```

LORETTA A. PRESKA, U.S.D.J.

Plaintiff Frederick Jones ("Plaintiff"), proceeding
pro se, brings this action for injunctive relief, damages,
and costs against Allen Affordable Housing Development Fund
Corporation ("Allen"),[1] a private developer working with the
City of New York (the "City") to convert Plaintiff's
apartment building into affordable housing units.[2]
Plaintiff asserts that he is entitled to, and has been
denied, a variety of services from Allen to minimize the
hardship of his relocation during the renovation.  Allen

---

[1] Allen is apparently misidentified in the case caption.
(See Memorandum of Law in Support of Defendant Allen
A.M.E.'s Motion for Summary Judgment at 1 n.1.)
[2] (See Am. Compl. [dkt. no. 16].)  Defendants Department of
Housing Preservation and Development and Department of
Housing and Urban Development have been dismissed from this
action. [Dkt. no. 26.]

denies that it is obligated to provide Plaintiff with
relocation services and moves for summary judgment on the
ground that Plaintiff has failed to state a legally
cognizable claim. [Dkt. no. 37.]  For the reasons set forth
below, Allen's motion is GRANTED.

## I.  BACKGROUND

The factual recitation in my February 21, 2007 Opinion
and Order [dkt. no. 26] is incorporated herein, and
familiarity with the facts is presumed.  By way of summary,
Plaintiff is a tenant in a residential apartment building
located at 107-05 Sutphin Blvd., Queens, New York.  The
Building is in the process of being transferred from the
City to Allen, to be refurbished and developed into
affordable housing.  Save for Plaintiff, The City and Allen
relocated all tenants of the Building to comparable
temporary housing at no cost to the tenants and ensured
that the tenants incurred no rental increases at the
temporary housing.  The City and Allen have offered
Plaintiff the same relocation package as was offered to the
other tenants, but Plaintiff refuses to move.

Plaintiff complains that he has not been provided with
legal assistance or employment counseling, and contends
that the denial of these services constitutes a violation
of the Administrative Procedures Act ("APA"),

2

5 U.S.C. § 702 et seq., the Uniform Relocation Assistance
and Real Property Acquisition Policies Act of 1970 ("URA"),
42 U.S.C. § 4601 et seq., and the Housing and Community
Development Act ("HCDA"), 42 U.S.C. § 5301, et seq. (See
Am. Compl. at 1.)

Allen has moved for summary judgment, arguing, in
essence, that Plaintiff has failed to state a legally
cognizable claim.[3]

## II.   DISCUSSION

### A.   Legal Standard for Summary Judgment

Summary judgment must be granted only if there is no
genuine issue as to any material fact and the movant is
entitled to judgment as a matter of law. See Fed. R. Civ.
P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317,
322 (1986). The court must resolve all ambiguities and
draw all factual inferences in favor of the nonmoving
party, but that party cannot prevail by showing the "mere
existence of some alleged factual dispute between the
parties." Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

---

[3] Allen included with its Motion for Summary Judgment an
Irby Notice (Notice to Pro Se Litigant who Opposes a Motion
for Summary Judgment). See Irby v. NYC Transit Authority,
262 F.3d 412, 414 (2d Cir. 2001); see also Local Civil Rule
56.2.  Additionally, I notified Plaintiff by Order that if
he did not respond to Allen's motion, I would take the
motion under consideration. [Dkt. no. 39.]  Plaintiff has
not responded to Allen's motion.

247 (1986). The party moving for summary judgment has the
initial burden of establishing that no genuine issue of
material fact exists. Celotex, 477 U.S. at 323. If the
moving party satisfies this burden, the burden shifts to
the non-movant to come forth with evidence demonstrating a
genuine issue of material fact. Id.

"The fact that there has been no response to a summary
judgment motion does not, of course, mean that the motion
is to be granted automatically. Such a motion may properly
be granted only if the facts as to which there is no
genuine dispute 'show that the moving party is entitled to
a judgment as a matter of law.'" Champion v. Artuz, 76 F.3d
483, 486 (2d Cir. 1996). Additionally, in cases involving
pro se plaintiffs, courts have a duty to construe the pro
se complaint liberally, while still observing the rules of
pleading. See Shehab v. Chas. H. Sells, Inc., No. 04 Civ
01534, 2006 WL 938715, at *3 (S.D.N.Y. Mar 26, 2006).

## B. Plaintiff's URA and APA Claims

The URA is meant to minimize the hardships that befall
displaced tenants or residents impacted by federally funded
redevelopment projects. See 42 U.S.C. § 4621 (2000). The
URA mandates that "displacing agencies" provide displaced
persons appropriate relocation assistance and temporary

4

housing. Id. § 4625.⁴  However, such relocation services
shall only by provided "to the extent determined by the
displacing agency." See id. § 4625(f).

In the event a displaced person believes she has not
been provided with appropriate relocation services, she has
no private cause of action under the URA. See Wallace v.
Chicago Hous. Auth., 298 F. Supp. 2d 710, 723 (N.D. Ill.
2003).  Rather, a claim under the APA is the exclusive
means for suing in federal court on the basis of a
displacing agency's failure to comply with its obligations
under the URA. Id.; see also Ackerley Communications of
Florida, Inc. v. Henderson, 881 F.2d 990, 992-93 (11th Cir.
1989).  Under the APA, "'agency' means [an] authority of
the Government of the United States." 5 U.S.C. § 701(b).
"The APA requires exhaustion of administrative remedies
before federal jurisdiction will lie." Dalton v. City of
Las Vegas, No. 07-2216, 2008 WL 2372695, 282 Fed. Appx.
652, at *3 (10th Cir. June 12, 2008); but see Renfroe v.
Housing Authority of New Orleans, 03 Civ. 3613, 2004 WL
1630496, at *1-2 (E.D. La. July 19, 2004) (clarifying
exhaustion of administrative remedies procedures).  And the

---

⁴ A "displacing agency" is "any Federal agency carrying out
a program or project, and any State, State agency, or
person carrying out a program or project with Federal
financial assistance, which causes a person to be a
displaced person." Id. § 4601(11).

5

jurisdictional prerequisite that federal funds were
involved in a redevelopment project must also be pleaded
for a URA claim, via an APA-provided cause of action, to
survive a dispositive motion. See Brody v. Moan, 551 F.
Supp. 443, 449-450 (S.D.N.Y. 1982).

Here, Plaintiff's complaint summarily avers that Allen
violated both the URA and APA.  Allen, a private developer
contracting with the City, apparently argues that it may
not be sued under the APA because it is not a displacing
agency, within the meaning of the URA, nor is it an
authority of the Government of the United States, within
the meaning of the APA.  Because Plaintiff has failed to
offer any evidence supporting the proposition that Allen's
conduct is regulated by the URA or the APA, Plaintiff's
claim must be dismissed.[5]

---

[5] But even if Plaintiff had sufficiently shown that Allen
qualifies as a displacing agency or is otherwise regulated
by the URA and APA, the dearth of evidence and Plaintiff's
bare-bones factual allegations, even when the Amended
Complaint is construed liberally, are insufficient to
survive a motion for summary judgment.  Plaintiff only
makes four factual allegations in his Amended Complaint
against Allen that appear to support a URA claim:

> [1] Defendant Allen A.M.E. have [sic] failed to
> adequately provide relocation assistance such as
> finding Plaintiff a safe and decent home in his
> community.  [2] Defendant Allen A.M.E. have [sic]
> failed to provide Plaintiff advisory services to
> minimize his relocation hardship.  *(continued)*

6

*(continued)* [3] Defendant Allen A.M.E. have [sic]
failed to provide Plaintiff a documented return
date stating he can return back to his original
apartment.   [4] Defendant Allan A.M.E. have [sic]
decided to execute a eviction proceeding against
Plaintiff, to avoid complying with statutory
obligations and duties Pursuant to applicable
federal, state and local law." (See Am. Compl. At
1-2 (errors in original).)

As to each allegation, even if Allen had been found to be
subject to URA requirements, Allen would have carried its
burden of establishing that no genuine issues of material
fact exist.

The uncontroverted evidence shows that the City and
Allen provided Plaintiff with at least twelve different
addresses of temporary apartment buildings available for
Plaintiff's relocation, at no cost to Plaintiff. (See Reed
Aff. ¶ 19.)  Plaintiff even conceded that he was offered
and declined appropriate temporary housing. (Id. Ex. C at
14/23-15/2.)  Thus, it can hardly be said that any
displacing agency in this case failed to provide the
requisite relocation services. See 42 U.S.C. § 4625.

As to Plaintiff's allegation that Allen failed to
provide advisory services to minimize Plaintiff's
relocation hardship, no genuine issue of material fact
exists because the URA does not impose such an obligation
on displacing agencies.  As I ruled previously, "Plaintiff
provides no support for his assertion that he is entitled
as a matter of right to the additional services," and no
such entitlement exists under the statute. (See February
21, 2007 Opinion and Order [dkt. no. 26] at 6.)  Rather, a
displacing agency shall provide advisory services to
displaced tenants only "to the extent determined by the
displacing agency." See 42 U.S.C. § 4625(f).  Of course, a
displacing agency's discretion as to what relocation
services it elects to offer may be reviewable by federal
courts pursuant to the APA. See 5 U.S.C. § 701 et seq.

Similarly, the URA does not impose an obligation on
displacing agencies to provide a documented return date
stating when displaced tenants may return to their original
apartments.   Thus, there is no genuine issue as to
Plaintiff's third allegation against Allen. *(continued)*

## C.  Plaintiff's HCDA Claims

In the Amended Complaint, Plaintiff also states that
his action is brought "pursuant to . . . Housing and
Community Development Act." (Am. Compl. at 1.)  Presumably,
Plaintiff intended to assert a claim under 42 U.S.C. §
5301, et seq.  In its summary judgment motion, Allen did
not address Plaintiff's HCDA claim and thus has failed to
carry its burden of establishing that no genuine issue of
material fact exists as to that claim.

Nevertheless, without more specificity from Plaintiff,
the mere general invocation of the HCDA in the Amended
Complaint is insufficient to plead such a claim adequately.
Accordingly, construing Allen's motion as a motion to
dismiss,[6] Plaintiff's HCDA claim, is DISMISSED.  While such
dismissal would ordinarily be without prejudice to re-
pleading, such re-pleading would be futile because the HCDA
does not confer a private right of action upon individuals.

---

(continued) Finally, the fact that Allen has
apparently initiated an eviction action against Plaintiff
in state court has no bearing on this action.

Accordingly, even if the evidence and Plaintiff's
conclusory allegations had established that the URA or APA
apply to Allen, Allen would have satisfied its burden of
establishing that no genuine issues of material fact exist
as to Plaintiff's claims.

[6] See Gravel v. Prison Health Services, 07 Civ. 237, 2008
U.S. Dist. LEXIS 92230, at *6 (D. Vt. Nov. 12, 2008)
(construing a motion for summary judgment as a motion to
dismiss when the movant argued that no claim was
sufficiently pleaded).

8

See Mair v. City of Albany, New York, 303 F. Supp. 2d 237,
243-44 (N.D.N.Y. 2004) (but noting one exception); People's
Hous. Dev. Corp. v. City of Poughkeepsie, New York, 425 F.
Supp. 482, 493 (S.D.N.Y. 1976). Accordingly, the dismissal
is with prejudice.

## III.   CONCLUSION

For the foregoing reasons, Allen's motion for summary
judgment, with respect to Plaintiff's URA and ADA claims,
[dkt. no. 37] is GRANTED.  Plaintiff's HCDA claim [dkt. no.
16] is DISMISSED.  The Clerk of the Court shall mark this
action closed and all pending motions denied as moot.


SO ORDERED

Dated:     December  8, 2008
           New York, New York


                                  LORETTA A. PRESKA, U.S.D.J.

9